## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| HOMER ALLEN MILLEN, | : | PRISONER HABEAS CORPUS |
| GDC # 136752, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:09-CV-3012-RWS-GGB |
| | : | |
| ALAN CARTER, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Homer Allen Millen, an inmate at the Wilcox State Prison in Abbeville, Georgia, seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his November 13, 2002, convictions in the Rockdale County Superior Court. Presently under consideration are the following: (1) the petition [Doc. 1] with supporting brief and exhibits [Doc. 7]; (2) Respondent Alan Carter's answer-response with supporting brief and exhibits [Docs. 5 and 6]; and (3) Petitioner's traverse [Doc. 12].

I. Background

    A. Procedural History

On November 13, 2002, Petitioner was convicted by a Rockdale County jury of voluntary manslaughter, felony murder, aggravated assault, battery, and possession of a firearm during the commission of a crime involving the shooting death of Petitioner's girlfriend, Sheila Williams.  [Doc. 6, Resp. Attach. 4 at 42-43].[1]  The felony murder and aggravated assault convictions merged into the voluntary manslaughter conviction, and the trial court sentenced Petitioner to a twenty-year "split" sentence, with sixteen years to serve in prison and the balance to be served on probation.  [Id. at 44].

Petitioner appealed his convictions and sentence to the Georgia Court of Appeals, claiming that:

    1.    there was insufficient evidence to support the gun possession charge because the state failed to show that Petitioner could not lawfully possess a firearm; and

    2.    Petitioner received ineffective assistance of trial counsel in that counsel:

---

[1]Respondent's exhibits are referenced according to the attachment and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

2

     a.     failed to reserve objections to the jury charge, thereby waiving appellate challenges to the charge, with regard to the following:

          i.     trial counsel failed to challenge the trial court's jury charge on mutual combat;

          ii.     trial counsel failed to challenge the trial court's self-defense charge;

          iii.     trial counsel failed to challenge the conflicting charges on the duty to withdraw or retreat from mutual combat; and

          iv.     trial counsel failed to challenge the conflicting charges on defense of habitation and justification;

     b.     failed to demand a pre-trial hearing to determine whether Petitioner was immune from prosecution; and

     c.     failed to object to a religious reference by the prosecutor during closing argument.[2]

[Doc. 6, Resp. Attach. 3 at 4-31].

The Georgia Court of Appeals found no error and affirmed Petitioner's convictions and sentence on May 6, 2004. Millen v. State, 600 S.E.2d 604 (Ga. Ct. App. 2004); [Doc. 6, Resp. Attach. 3 at 61-71].

---

[2]Petitioner was represented at trial by attorneys William Lavigno and Richard Schlueter, and on appeal by attorney Wystan Getz. [Doc. 1 at 14].

3

On May 27, 2005, Petitioner filed a state habeas corpus petition in the Chatooga County Superior Court, raising the following grounds for relief:

1.    Petitioner received ineffective assistance of trial counsel based on counsel's failure to do the following:

     a.    protect Petitioner's statutory right of immunity from prosecution by filing a motion prior to trial asserting Petitioner's entitlement to immunity;

     b.    have Petitioner's videotaped interrogation suppressed;

     c.    challenge the sufficiency of the arrest warrants;

     d.    ensure that the jury instructions were accurate;

     e.    object to the prosecutor's allegedly improper religious references made during closing arguments;

     f.    object to the prosecutor's reference to statements contained in a psychologist's report during closing arguments;

     g.    reserve objections to the portions of the jury charge that Petitioner raised on appeal in the guise of an ineffective assistance of counsel claim;

2.    Petitioner received ineffective assistance of appellate counsel based on counsel's failure to:

     a.    file a reply brief challenging the State's assertion in its brief that Petitioner was not eligible for immunity because he was a convicted felon;

4

b.      make a <u>Crawford</u>[3] objection with regard to statements contained in the psychological report referred to by the state;

c.      raise the trial court's failure to rule on the issue of whether Petitioner's statement was voluntary;

d.      raise on appeal that Petitioner did not voluntarily waive his <u>Miranda</u> rights prior to giving his statement;

e.      raise the trial court's failure to give jury instructions requested by trial counsel;

f.      raise various instances of ineffective assistance of trial counsel;

g.      fully present to the appellate court the issues raised on direct appeal; and

3.     Petitioner's conviction on the firearm charge is void.

[Doc. 6, Resp. Attach. 1].  The state habeas corpus court conducted evidentiary hearings on September 13, 2007, and October 31, 2008, and denied relief by written order on November 25, 2008.  [Doc. 1 at 22-33].  On September 8, 2009, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief.  [Doc. 1 at 20].  On October 7, 2009,

---

[3]The Confrontation Clause bars the admission at trial of testimonial statements of a witness who is absent from trial, unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine him.  <u>Crawford v. Washington</u>, 541 U.S. 36, 53-54 (2004).

5

Petitioner's motion for reconsideration was denied by the Georgia Supreme Court. [Id. at 21].

On October 22, 2009, Petitioner filed the instant federal habeas corpus petition challenging his Rockdale County convictions.   [Doc. 1].   Petitioner raises the following grounds for relief:

1.    appellate counsel was ineffective by failing to enumerate reversible errors in accordance with O.C.G.A. § 5-5-24 regarding ineffective assistance of trial counsel claims;

2.    trial counsel was ineffective by failing to file an emergency collateral order appeal during trial when the trial judge ruled that Petitioner forfeited his right to be immune from prosecution when he failed to assert his right prior to trial as opposed to during trial pursuant to O.C.G.A. § 16-3-24.2;

3.    appellate counsel was ineffective when he failed to challenge the trial court's ruling that Petitioner was ineligible for O.C.G.A. § 16-3-24.2 immunity because he was charged with a firearms violation;

4.    trial counsel was ineffective by failing to suppress a videotaped interrogation of Petitioner on grounds that it was needless cumulative evidence, prejudicial, and may have adversely affected his credibility in asserting his affirmative defense;

5.    the trial court failed to determine the voluntariness of the interrogation and failed to rule on its admissibility;

6

6.     appellate counsel failed to enumerate as error on appeal trial counsel's failure to object to the admission of hearsay evidence at trial in violation of Petitioner's confrontation rights;

7.     appellate counsel failed to enumerate as error trial counsel's failure to object to state misconduct during closing arguments when the state quoted religious passages from the Bible;

8.     appellate counsel failed to enumerate as error the trial court's failure to give the defense's requested perjury charge; and

9.     appellate counsel failed to properly enumerate as error trial counsel's failure to object to the conviction and sentence for possession of a firearm during the commission of a crime.

[Doc. 1].

B.  <u>Factual Background</u>

The Georgia Court of Appeals found the following facts:

Viewed in the light most favorable to the jury verdict, the evidence showed that Williams lived at Millen's house, along with three of her four children -- her 19-year-old daughter, Jessica Salcido, and two younger siblings.  Williams's 17-year-old son, Adam Salcido, lived in a different house nearby.

Jessica Salcido testified that, on the night of January 15, 2001, Williams and Millen were drinking alcohol and arguing.  Millen entered Jessica's room, slapped her, tried to stab her with a pocket knife, and pinned her to the wall.  Williams helped free Jessica, who fled with her younger siblings to Adam's house.  When Jessica left Millen's house, he still had the knife and was "wrestling around on the floor" with Williams.

7

After eight hazel and a black eye and learning what had happened at Millen's house, Adam grabbed his rifle and some chains and quickly left the house.  Adam testified that he drove to Millen's house because he was afraid his mother was in danger.  When he arrived at the house, Millen "had [Williams] pinned in the door frame between the door and the door frame."  Adam smashed a window in the door with the butt of his rifle, and Millen fled [upstairs].  Adam tried to convince his mother to leave with him, but she refused.  Meanwhile, Millen began screaming profanity at Adam from an upstairs window and threatening to kill him.  Adam fired a round from his rifle into the air in an effort to "shut [Millen] up" and to show that he was "fed up" with Millen's threats.

Adam then put his rifle in the car and told Williams that he was leaving.  At her urging, however, he agreed to stay and try to calm Millen down.  Adam entered the house and started "screaming for [Millen]," because he did not know where Millen was and the house was dark.  After Millen "hollered something from upstairs," Williams walked upstairs, followed by Adam.  Williams said, "[Millen], it's me," and began walking down the dark hall.  Adam heard a shot fired, felt "the blast from it," and heard his mother fall to the floor.  He then "heard a round rechamber" and turned and ran as Millen screamed, "I'll kill you too, you mother f-er, you pansy, little bitch."

Adam ran to the house next door, where the occupant–Millen's mother – called the police.  When the police arrived at Millen's house, he was driving away.  Inside, they found Williams's body.

Millen gave a different version of events.  He testified that after he and Williams had been arguing, she put a knife to her own head.  While he was grabbing the knife away, Jessica charged at him and injured herself.  He then ordered Jessica to leave his house, and he and Williams went to bed.  Later, Millen awoke to the noise of someone banging at the door downstairs.  As he went to answer it, Adam bashed in the window with a gun barrel, which he pointed at Millen "trying to get it lined up."  Millen ran to the electrical closet and turned off the power, then went upstairs to his bedroom.  He looked out the window and saw Williams and Adam fighting outside, so he began yelling at Adam and threatening

8

him.  Adam then fired his gun at the house, prompting Millen to grab and load his own gun.  A few minutes later, Millen heard noises and saw someone coming down the hall.  He "knew it had to be Adam" and was afraid that Adam was coming to kill him.  Millen aimed his gun toward the hall "and it went off."  Later, he found Williams's body on the floor in the hall.  He denied having heard Williams call his name before he shot her.

Millen, 600 S.E.2d at 606-07 (footnote omitted); [Doc. 6, Resp. Attach. 3 at 61-64].

II.  Discussion

    A.  Standard of Review

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  This power, however, is limited.  A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

AO 72A
(Rev.8/82)

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court analyzed how courts should apply § 2254(d).  First, the court evaluating a habeas petition under § 2254(d)(1) must determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States."  Id. at 404-05; see 28 U.S.C. § 2254(d)(1).

Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts.  Williams, 529 U.S. at 412-13.  A state court decision is "contrary to" federal law when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Id. at 405.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, the federal court must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case.  Id. at 412.  This

10

reasonableness determination is objective, and the federal court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect.  Id. at 411.  In other words, it matters not that the state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable.  Id.; see McIntyre v. Williams, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous.  I have reviewed the pleadings and exhibits and find that the record contains sufficient facts upon which the issues may be properly resolved.  As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition.

B. Grounds For Relief

1. Ineffective Assistance of Trial Counsel

Petitioner contends that trial counsel was ineffective by failing to file an "emergency collateral order appeal" when the trial judge ruled that Petitioner

11

he top

gation navigation

forfeited "his right to be immune from prosecution."[4]

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner raised a similar ineffective assistance of trial counsel claim on appeal, arguing that trial counsel should have requested a pre-trial hearing with regard to whether he was immune from prosecution. The Georgia Court of Appeals held the following:

---

[4]Petitioner raises an additional claim of ineffective assistance of trial counsel in Ground Four. However, as discussed at Part II., B., 3., infra, the claim in procedurally defaulted in this Court.

12

Millen also argues that trial counsel was ineffective in failing to demand a pre-trial hearing to determine whether he was immune from prosecution.

OCGA § 16-3-24.2 provides that a person who uses justifiable force in self-defense or in defense of his habitation is immune from criminal prosecution for doing so "unless any deadly force used by such person utilizes a weapon the carrying or possession of which is unlawful by such person under" OCGA § 16-11-131, among other statutes. OCGA § 16-11-131 criminalizes the possession of firearms by convicted felons. Thus, convicted felons cannot enjoy the immunity conferred by OCGA § 16-3-24.2. In Boggs v. State, [FN12] this court held that "the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court before the trial of that person commences." [FN13]. Millen contends that trial counsel was ineffective in not requesting a pre-trial conference to determine his immunity.

> FN12. 261 Ga. App. 104, 581 S.E.2d 722 (2003).

> FN13. Id. at 106, 581 S.E.2d 722.

But even if counsel should have done so, Millen fails to show that this oversight harmed him. During trial, the court ruled that Millen was not entitled to the immunity created by OCGA § 16-3-24.2 because he was a convicted felon who could not lawfully possess a firearm. Millen does not challenge that ruling, nor does he show that it would have been different if the judge had made it before trial, instead of during trial. Accordingly, we find no ineffective assistance of counsel.

Millen, 600 S.E.2d at 609.

Here, Petitioner has not established both prongs of the Strickland standard.

Even if counsel had requested a pre-trial hearing or filed an interlocutory appeal, it

would not have changed the outcome of the trial.  As noted by the appellate court,

Petitioner was not entitled to the immunity created by Georgia law because he was

a convicted felon who could not lawfully have possessed a firearm.  Petitioner fails

to establish how this finding is in error.  Furthermore, Petitioner cannot show

prejudice as a result of trial counsel's failure to request a hearing.  Accordingly,

Petitioner has not shown how the Georgia Court of Appeal's decision was contrary

to or an unreasonable application of Strickland or that it was an unreasonable

determination of the facts in light of the evidence presented in this case.  Thus,

Petitioner is not entitled to federal habeas corpus relief on his ineffective assistance

of trial counsel claim in Ground Two.

### 2.  Ineffective Assistance of Appellate Counsel

In Grounds One, Three, and Six through Nine, Petitioner raises claims of

ineffective assistance of appellate counsel.  The above-stated Strickland standard also

applies to ineffective assistance of appellate counsel claims.  See Smith v. Robbins,

528 U.S. 259, 285, 287-88 (2000); see also Temple v. Morton, No. 06-15061, 2007

WL 214823 (11th Cir. July 27, 2007) ("The Supreme Court has held that the

Strickland analysis also applies to claims of ineffective assistance of appellate

counsel.").

14

Petitioner raised ineffective assistance of appellate counsel claims in his state habeas corpus petition. Petitioner's appellate counsel, Wystan Getz, testified at the state habeas corpus hearing. The state habeas corpus court considered the claims, applied <u>Strickland</u>, and determined that Petitioner's appellate counsel was not constitutionally ineffective. [Doc. 6, Resp. Attach. 28].

With respect to Petitioner's individual claims of ineffective assistance of appellate counsel, Petitioner contends that appellate counsel was ineffective when he failed to challenge the trial court's ruling that Petitioner was ineligible for O.C.G.A. § 16-3-24.2 immunity because he was charged with a firearms violation. The state habeas corpus court found that Petitioner could not show prejudice, because Petitioner was not entitled to immunity from prosecution as a convicted felon, noting that a certified copy of Petitioner's prior felony conviction was admitted into evidence by the trial court. [<u>Id.</u> at 8]. As previously discussed, appellate counsel raised this issue in an ineffective assistance of trial counsel claim on appeal, and the Georgia Court of Appeals held that Petitioner had a prior felony conviction which prohibited him from qualifying for immunity under O.C.G.A. § 16-3-24.2. Petitioner has not established that he was prejudiced by appellate counsel's failure to raise the issue in an independent claim on appeal. Furthermore, Petitioner has not shown how

15

the state habeas corpus court's finding was contrary to or an unreasonable application of <u>Strickland</u> or that it was an unreasonable determination of the facts.  Therefore, Petitioner is not entitled to relief as to this claim.

Petitioner next contends that appellate counsel failed to enumerate as error on appeal trial counsel's failure to object to the admission of hearsay evidence at trial in violation of Petitioner's confrontation rights.  Specifically, Petitioner contends that trial counsel should have objected during cross-examination of Petitioner's expert when the expert was questioned by the state about the contents of a psychological report that he had reviewed in forming his opinion.[5]  [Doc. 6, Resp. Attach. 24 at 24-28].  The state habeas corpus court held that Petitioner had not shown that his appellate counsel provided deficient assistance or that he was prejudiced by counsel's performance, because no hearsay violation occurred with regard to the statements contained in the psychological report referred to by the state.  [Doc. 6, Resp. Attach. 28 at 8].  The statements "were not introduced into evidence and were not introduced

_____

[5]The state asked Petitioner's expert if, after reviewing the psychological report, he recalled or took note that Petitioner had told the examining physician that he did not shoot the victim, but that Adam Salcido had shot her.  [Doc. 6, Resp. Attach. 24 at 26-27].  The state also asked the expert if he took note of the examining physician's conclusion that Petitioner is unwilling to take responsibility for his behavior and is likely to blame others for his actions.  [<u>Id.</u> at 27].

for the truth of the matter asserted, but were brought up on cross-examination of Petitioner's expert for the purpose of testing the credibility of said expert's opinion." [Id.].

Petitioner has not shown that this finding by the state habeas corpus court was error or that the court misapplied Strickland.  Trial counsel did, in fact, object when the state questioned Petitioner's expert regarding the contents of the psychological report, and the trial court overruled the objection.  [Doc. 6, Resp. Attach. 24 at 27]. Thus, Petitioner has not established that appellate counsel's performance was deficient in failing to raise the claim or that the result of his appeal would have been different had appellate counsel raised it.  Accordingly, Petitioner's claim fails.

Petitioner further argues that appellate counsel failed to enumerate as error trial counsel's failure to object to state misconduct during closing arguments when the state quoted religious passages from the Bible.  Appellate counsel did, in fact, raise the claim on appeal, and the Georgia Court of Appeals considered the claim in a motion for reconsideration, holding:

> Turning to the merits of Millen's claim of error, we find no impropriety in the prosecutor's closing argument. The prosecutor stated:
>
>> Sheila Hulsey Williams will be no one's candidate for mother of the year. . . . It would be easy for me not to give

17

a hundred percent to this case. It would be easy for me to sit back and say, well, I'll put effort into it, but not my best effort. *But you know, the law, thou shalt not kill, is not, thou shalt not kill only good people. The law is thou shalt not kill.* And so, I would in my own mind, be doing this job that I have, a disservice if I didn't give my best to this case. [FN19]

FN19. Emphasis supplied.

Defense counsel did not object to the prosecutor's comments. Millen claims that counsel's failure to object constituted ineffective assistance, because the italicized language "made an attempt to appeal to the religious beliefs of the jurors" and "invoked a higher moral authority that diverted the jury from the discretion provided to them under state law."

We disagree. Although "[r]eferences to religion that invite jurors to base their verdict on matters not in evidence should be avoided in prosecutorial argument," [FN20] no such transgression occurred here. The prosecutor in no way invited the jury to disregard any civil laws in favor of religious ones. We find no error in defense counsel's failure to object.

FN20. (Citation omitted.) Morgan v. State, 276 Ga. 72, 74(2), 575 S.E.2d 468 (2003).

Millen, 600 S.E.2d at 610.

Thus, Petitioner has failed to show that appellate counsel performed deficiently because counsel did raise the claim and he cannot show prejudice, because the claim was rejected on the merits.

18

Petitioner next contends that appellate counsel was ineffective by failing to enumerate as error the trial court's failure to give the defense's requested perjury charge. Petitioner raised the claim in the state habeas corpus court, and the court held the following:

> Petitioner next contends that appellate counsel was ineffective for not raising the trial court's failure to give jury instructions requested by trial counsel. First, Petitioner alleges that the trial court erred in not giving the requested instruction that the jury should disregard in its entirety Adam Salcido's testimony because he gave false testimony at trial. This issue is without merit because mere inconsistencies do not alone rise to the level of false swearing. *Turner v. State*, 245 Ga. App. 294 (2000). Petitioner has shown nothing more than inconsistent testimony by Mr. Salcido. Moreover, trial counsel cross-examined Mr. Salcido regarding his inconsistent statements and the trial court charged the jury on credibility and impeachment.

[Doc. 6, Resp. Attach. 28 at 9].

Petitioner has not shown that the state habeas corpus court improperly applied the Strickland standard or that the court's decision was based on an unreasonable determination of the facts. Indeed, Petitioner's trial counsel cross-examined Adam Salcido regarding any inconsistent statements he made during his testimony. [Doc. 6, Attach. 19 at 7-36; Attach. 20 at 28-35]. Furthermore, Petitioner has not shown that appellate counsel's performance was deficient for failing to raise this claim on appeal or that the result of the appeal would have been different had appellate counsel

19

enumerated the claim on appeal.  Therefore, Petitioner's ineffective assistance of appellate counsel claim fails.

Petitioner also contends that appellate counsel was ineffective when he failed to properly enumerate as error trial counsel's failure to object to the conviction and sentence for possession of a firearm during the commission of a crime conviction. Although apparently not presented as an ineffective assistance of appellate counsel claim, Petitioner raised the claim in his state habeas corpus petition.  The state habeas corpus court considered the claim and held the following:

> In Ground Three, Petitioner contends that his conviction on the charge of possession of a firearm during the commission of a crime is void. Petitioner contends that because he was not convicted of the predicate felonies listed in the indictment that he could not have been convicted of the firearm possession charge.  The Court finds this ground is without merit.  First, the jury returned guilty verdicts on the felony murder and aggravated assault counts of the indictment.  Thus, Petitioner was found guilty of two of the predicate offenses listed in the firearm possession count of the indictment.  That the fact that the guilty verdicts on the felony murder and aggravated assault counts merged into the guilty verdict on voluntary manslaughter, a lesser included offense on the malice murder count, does not mean that Petitioner was *acquitted* of felony murder and aggravated assault.  Second, even if Petitioner had been acquitted of all of the predicate felonies listed in the firearm possession count of the indictment, his conviction on the firearm possession charge would not be void.  *See Kimble v. State*, 236 Ga. App. 391 (1999).

[Doc. 6, Resp. Attach. 28 at 10-11].

20

As explained by the state habeas corpus court, Petitioner's underlying claim fails because the merger of the felony murder and aggravated assault counts into the voluntary manslaughter count does not "void" those offenses and does not mean that he was acquitted of them. Thus, Petitioner's claim here that appellate counsel was ineffective for failing to enumerate as error trial counsel's failure to challenge the conviction and sentence for possession of a firearm during the commission of a crime is without merit. Petitioner cannot show that appellate counsel failed to provide reasonable professional assistance by not raising this claim or that his appeal would have turned out differently had appellate counsel raised the claim.

Lastly, Petitioner contends that appellate counsel was ineffective by failing to enumerate reversible errors in accordance with O.C.G.A. § 5-5-24[6] regarding ineffective assistance of trial counsel claims. Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court held that the claim lacked merit. [Doc. 6, Resp. Attach. 28 at 10].

Petitioner has failed to show that the decision by the state habeas corpus court

---

[6]This statute states, in relevant part, "in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict . . . ." O.C.G.A. § 5-5-24(b). However, Petitioner's reliance on this statute appears to be misplaced, as this subsection does not apply in criminal cases. Id.

21

on his ineffective assistance of appellate counsel claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The state habeas corpus court identified and applied the proper Supreme Court precedent to Petitioner's ineffective assistance of appellate counsel claim.

Likewise, Petitioner has not shown that the decision by the state habeas corpus court was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d). Appellate counsel raised several claims of ineffective assistance of trial counsel on appeal with regard to trial counsel's failure to challenge certain jury charges. Petitioner fails to point to a particular challenge that appellate counsel should have raised or how such a claim would have changed the outcome of his appeal. Thus, Petitioner's ineffective assistance of appellate counsel claims are without merit.

3. Procedurally Defaulted Claims

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "not resolved on the merits in the state proceeding" based on an "independent and adequate state procedural ground." Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (noting that it was consistent with

22

United States Constitution for state procedural rule to require that alleged error "be

challenged at trial or not at all").

> [P]rocedural default can arise in two ways. First, where the state court
> correctly applies a procedural default principle of state law to arrive at
> the conclusion that the petitioner's federal claims are barred, <u>Sykes</u>
> requires the federal court to respect the state court's decision. Second,
> if the petitioner simply never raised a claim in state court, and it is
> obvious that the unexhausted claim would now be procedurally barred
> due to a state-law procedural default, the federal court may foreclose the
> petitioner's filing in state court; the exhaustion requirement and
> procedural default principles combine to mandate dismissal.

<u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted); <u>see also</u>

<u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n. 1 (1991) (noting that if (a) petitioner

failed to exhaust state remedies and (b) state courts would now find his claims

procedurally barred, "there is a procedural default for purposes of federal habeas

regardless of the decision of the last state court to which the petitioner actually

presented his claims"); <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir.1994)

(holding that "where a state court has ruled in the alternative, addressing both the

independent state procedural ground and the merits of the federal claim, the federal

court should apply the state procedural bar and decline to reach the merits of the

claim").

   This bar to federal habeas review may be lifted, however, if the petitioner can

23

demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice, i.e., that he will remain incarcerated despite his actual innocence unless the federal court considers his defaulted claim.  See Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 488-89, 495-96 (1986).

To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule.  Murray, 477 U.S. at 488.  "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim.  Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

To establish a fundamental miscarriage of justice, i.e., "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," id. at 327.

24

In Ground Four, Petitioner contends that trial counsel was ineffective by failing to suppress a videotaped interrogation of Petitioner on grounds that it was needless cumulative evidence, prejudicial, and may have adversely affected his credibility in asserting his affirmative defense.  Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court held that the claim was procedurally defaulted under state law because Petitioner had not raised the claim at trial or on appeal.  [Doc. 6, Resp. Attach. 28 at 4-5].   Since "the last reasoned opinion on the claim explicitly imposes a procedural default," the Court finds that Petitioner's claim is procedurally barred.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Petitioner has failed to allege cause and prejudice to excuse the default.  To the extent that Petitioner contends that the default may be excused based on the ineffectiveness of his appellate counsel in failing to raise the claim on appeal, as previously discussed, such a claim is unavailable because Petitioner's appellate counsel was not ineffective in his performance.  See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) (holding that in order to receive the "cause and prejudice" exception based on a claim of ineffective assistance, a petitioner must show that counsel's performance was "so ineffective as to violate the Federal Constitution").  Therefore, Petitioner cannot rely on the alleged ineffective assistance of his appellate

25

AO 72A
(Rev.8/82)

counsel to excuse the procedural default.  Further, Petitioner has presented no evidence or argument that would tend to support a claim of actual innocence. Accordingly, Petitioner's claim is procedurally defaulted and cannot be considered on the merits.

In Ground Five, Petitioner contends that the trial court failed to determine the voluntariness of the interrogation and failed to rule on its admissibility.  Petitioner failed to raise the claim on appeal, and thus it is procedurally defaulted because Petitioner did not raise it at his first opportunity.  Petitioner also failed to raise the claim as trial court error in his state habeas corpus petition.  Thus, the claim is unexhausted since it has never been presented for consideration in the state courts. Nevertheless, the claim is considered exhausted because the claim is procedurally barred under Georgia's successive petition rule in O.C.G.A. § 9-14-51, which requires that all claims be raised in a petitioner's initial state habeas proceeding.  See Coleman, 501 U.S. at 735 n.1 (new claims are exhausted if procedurally barred under state law).

In the instant petition, Petitioner does not attempt to show "cause" to excuse his procedural default; rather, he argues only the merits of his claims.  Neither does Petitioner specifically argue that this default should be excused due to prejudice or

26

that this Court's failure to consider the claim would result in a fundamental miscarriage of justice. Accordingly, Petitioner's claim of trial court error in Ground Five is procedurally defaulted and cannot be considered on the merits.

III.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing of being denied a constitutional right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

27

IV.  Conclusion

Based on the foregoing, **I RECOMMEND** that Petitioner Homer Allen Millen's habeas corpus petition [Doc. 1] be **DENIED** and this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 3rd day of March, 2011.


GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

28

AO 72A
(Rev.8/82)