**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| HOMER ALLEN MILLEN, | : | |
| GDC # 136752, | : | |
| | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3012-RWS-GGB |
| ALAN CARTER, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

This case comes before the Court on the Final Report and

Recommendation of United States Magistrate Judge Gerrilyn G. Brill [16].  The

R&R fully sets out the procedural history of this case, and the Court will not

repeat it here.  However, following the issuance of Judge Brill's R&R, the

Petitioner filed objections, citing five grounds of error.  The Court will consider

each in turn.

### Discussion

**A.  Standard of Review**

A petitioner is not entitled to habeas corpus relief from a federal court for

a claim that was previously adjudicated on the merits by a state court unless the

state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). With this standard in mind, the Court turns to the merits of Petitioner's claims.

## B. Ineffective Assistance of Appellate Counsel

Petitioner raises multiple issues stemming from his ineffective assistance of counsel claim. For each of the instances, Petitioner alleges that the Report and Recommendation [16] did not appropriately address his claims.

### 1. Confrontation Clause

Petitioner claims that appellate counsel failed to raise his trial counsel's failure to object to the admission of hearsay evidence in violation of his confrontation clause rights. Petitioner asserts that his trial counsel should have objected when his expert witness was asked during cross examination if (1) after reviewing the psychological report, he recalled or took note that Petitioner had told the examining physician that he did not shoot the victim, but that Mr. Salcido had shot her, and (2) he took note of the examining physician's conclusion that Petitioner was unwilling to take responsibility for his behavior and was likely to

2

blame others for his actions.  Cross-Examination of Dr. Brooks, Dkt. No. [6-24] at 27.

However, in reviewing the record, Dr. Books testified regarding Petitioner's potential acute stress disorder.  Cross-Examination of Dr. Brooks, Dkt. No. [6-24] at 29.  During cross-examination, Dr. Brooks was specifically asked which reports he reviewed in coming to his conclusions, and Dr. Brooks said that he reviewed Dr. Davis' report.  As such, it was not improper for Dr. Brooks to answer questions relating to the substance of the reviewed reports in arriving at his diagnosis.  Thus, the statements were not introduced for the truth of the matter asserted, but to assess whether the expert fully considered the reports.  Austin v. State, 275 Ga. 346, 348 (Ga. 2002) ("Cross-examination about hearsay upon which an expert's opinion rests is permissible, in order to assist the jury in assessing the credibility of that opinion."); Strickland v. Linahan, 72 F.3d 1531 (11th Cir. 1996).  Petitioner cannot show that he was prejudiced as the statements were correctly admitted at trial.

Further, Petitioner states his appellate counsel should have raised: 1) the prosecution's improper reference to the doctor report during closing arguments; 2) the trial court's failure to give a jury instruction that the hearsay evidence was introduced on cross-examination solely for credibility and not to prove the truth of the matter asserted; and, 3) that he was not Mirandized prior to Dr. Davis'

3

examination nor was his attorney present.  Petitioner states that it was error for Judge Brill not to consider any of these issues when issuing the Report and Recommendation.

Petitioner is correct that the R&R did not address the latter issues and that he raised them both in the state court habeas proceeding and in his petition to this Court.  Petitioner's Habeas Writ of Habeas Corpus Petition to the Superior Court of Chattooga County, Dkt. No. [6-1] at 52-59, 71; Petitioner's Habeas Memorandum to the United States District Court, Dkt. No. [7-1] at 32-36. Nevertheless, Petitioner cannot show that these alleged errors rise to the level of prejudice such that the result of his trial would have been different.

First, with respect to the statements during closing arguments, it does appear that the statements contained in Dr. Davis' report were presented during the Prosecution's closing argument to reinforce its argument that the Petitioner is a "liar."  Closing Argument, Dkt. No. [6-26] at 66.  Regardless, the jury was instructed that statements made during opening or closing argument are not evidence.  Jury Instructions, Dkt. No. [6-25] at 88.  Thus, as an instruction was given to the jury, Petitioner cannot show the required prejudice. See U.S. v. Siegelman, — F.3d —, 2011 WL 1753789, * 19 (11th Cir. 2011)("The jury is presumed to follow the . . . court's instructions.").

4

Next, Petitioner asserts that the trial judge should have given an instruction that Dr. Davis' reported statements were introduced solely to establish credibility and not for the truth for the matter asserted.  However, these statements were admitted for a proper non-hearsay purpose , and the trial judge was not required to give a curative instruction when there was nothing to cure.

Finally, Petitioner asserts that he was not Mirandized before the court-appointed doctor, Dr. Davis, examined him and that his attorney was not present. The Supreme Court has recognized that a "criminal defendant, who <u>neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence</u>, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding." <u>W.J. Estelle v. Smith</u>, 451 U.S. 454, 468 (1981) (emphasis added).  Further, the Sixth Amendment right to counsel attaches when a neutral competency examination is conducted. <u>Id.</u> at 567-471.

Here, Petitioner did put psychiatric evidence in issue, as evidenced  by the fact that he had Dr. Brooks evaluate his records and testify on his behalf at trial. Further, the Petitioner requested that the neutral evaluation be conducted in the first place to preserve the competency defense.  Habeas Corpus Proceeding, Dkt. No [6-2] at 13.  However, while likely, it is unclear from the record whether

5

Petitioner's lawyer received notice of the evaluation by Dr. Davis.  Nevertheless, as the statements made to Dr. Davis and presented by Dr. Books at trial were only used for non-hearsay purposes,  Petitioner has not shown the required level of prejudice to mount a §2254 claim.

### 2.  Ground 4- Needless Cumulative Evidence

Petitioner next claims that trial counsel was ineffective by failing to suppress a videotaped interrogation of Petitioner on the grounds that it was needless cumulative evidence, prejudicial, and may have adversely affected his credibility in asserting his affirmative defense.  Judge Brill found that this claim is procedurally defaulted because Petitioner did not raise it below nor did he show sufficient reason why the procedural default should be overcome. R&R, Dkt. No. [16] at 25-26.

Procedural default bars federal habeas review of a claim if the Petitioner failed to exhaust state remedies and state courts would now find his claims procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  However, this procedural bar can be lifted if the Petitioner can show either (1) cause for the default and actual prejudice from the alleged violation of federal law or (2) a fundamental miscarriage of justice.  Id. at 750.  Courts "have acknowledged that in certain

6

circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" as cause.  Edwards v. Carpenter, 529 U.S. 446, 451-452 (U.S. 2000) (citing Murray v. Carrier, 477 U.S. 478, 490-492 (1986)). However, an ineffective assistance of counsel claim generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  Edwards, 529 U.S. at 452 (citing Carrier, 477 U.S. at 489).

Judge Brill ruled that Plaintiff did not show cause through raising ineffective assistance of appellate counsel. R&R, Dkt. No. [16] at 25.   The Court has reviewed the finding and believes that the Petitioner was not prejudiced by the showing of this videotape.  The video is a true and accurate depiction of the interrogation, and it was not impermissible for it to be shown to the jury.  As such, any failure did not violate federal law, and Petitioner's claim must fail. See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) (holding that in order to receive the "cause and prejudice" exception based on a claim of ineffective assistance, a petitioner must show that counsel's performance was "so ineffective as to violate the Federal Constitution").

### 3.  Ground 5- Voluntariness of the Interrogation

Petitioner next challenges his <u>Miranda</u> waiver and voluntariness of his videotaped interrogation. Judge Brill found this claim to be procedurally defaulted because Petitioner did not raise the issue on appeal nor in his state habeas corpus petition. However, the Court finds that the Petitioner did assert that his appellate counsel was ineffective for failing to raise the voluntariness of the interrogation. Petitioner made this argument in his petitions for habeas relief to both the state and federal courts.  Petitioner's Writ of Habeas Corpus in the Superior Court of Chattooga County, Dkt. No. [6-1] at 59-62; Petitioner's Habeas Corpus Memorandum to the Untied States District Court, Dkt. No. [7-1] at 19-22.

Turning to admission of the underlying videotaped interrogation, the trial court ruled that the video was admissible, but did not make any specific statements in the transcript as to voluntariness. Dkt. No. [6-22] at 57.  Rather, the trial court noted that the videotape would reveal whether Petitioner received the <u>Miranda</u> warnings and whether those rights were voluntarily waived. <u>Id.</u>

Because the trial transcript did not reveal whether the <u>Miranda</u> waivers were given, this Court obtained and reviewed the videotaped interrogation.  Prior to conducting the interview, the officer clearly read the Petitioner his rights.  Then, after a brief interlude where the officer asked another officer to get the Petitioner

8

paper towels and provided Petitioner with a towel to clean himself off, the officer re-asked if the Petitioner understood the rights that were read to him. Petitioner answered that he did. Then, the officer asked if the Petitioner "minded talking to him." Petitioner stated that he did not and affirmed that he knew who he was talking to. Based upon this video, this Court cannot say that the trial court's decision was contrary to established federal law.

### 6. Remaining Objections

For the remaining objections, the Court has reviewed Judge Brill's Report and Recommendation and Petitioner's objections thereto. After due consideration, the Court adopts the R&R [16] as the opinion of this Court as it relates to those issues.

### Conclusion

Based on the foregoing, the Petitioner's habeas corpus petition is **DENIED**. The Clerk is directed to close this case.

**SO ORDERED**, this _ 17th _ day of June, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)